IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                  Plaintiff,                    ORDER

                  v.                  20-cr-120-jpd-1

MARVIN COATES,

                    Defendant.

---

A hearing on the probation office's petition for judicial review of Marvin Coates's supervised release was held on July 16, 2025, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Corey C. Stephan. Defendant was present in person and by counsel Alexander P. Vlisides. Also present was U.S. Probation Officer Yang Moua.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on March 10, 2022, following his conviction for felon in possession of ammunition, in violation of 18 §§ U.S.C. 922(g)(1) and 924(a)(2), a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 51 months, with a 3-year term of supervised release to follow.

On February 25, 2025, defendant began his term of supervised release.

It has been alleged that defendant violated the mandatory condition requiring that he shall not commit another federal, state, or local crime. On June 2, 2025, the supervising officer

received a telephone call from the mother of defendant's minor daughter, Alyssa, reporting that defendant had gone to her residence the previous night to confront her for not being home with the children. Upon defendant's arrival, her minor son opened the door and defendant charged into the apartment, agitated. Alyssa was not home, but her adult sister, Abria, was. Defendant demanded that Abria use her personal cellphone to call Alyssa, but she refused to comply with defendant's request. Defendant then forcibly attempted to take the cellphone away from Abria, resulting in a physical confrontation. Defendant eventually pulled out a pistol from inside his pocket and pointed it directly at Abria. Later, the supervising probation officer was able to make telephone contact with Abria, and she verified the information to be truthful. Again, on June 2, 2025, Alyssa further reported that she spoke to defendant earlier in the day and he threated to shoot and kill her. Defendant was upset at her for not being home and thought she was out with another man. On June 3, 2025, Alyssa called again and sounded distressed reporting that defendant continues to harass and threat to shoot and kill her. She reported filing a complaint with the local police department about the threats and notifying her children's school due to defendant threatening to shoot her while she drops off the children. No criminal charges have been filed against defendant at this time as it relates to his alleged conduct. The government will not pursue these alleged violations of supervised release against defendant, and defendant's counsel provides information suggesting that the allegations are false. The Court will not consider these alleged violations for the purposes of this judicial review.

Defendant violated the mandatory condition requiring that he shall not illegally possess a controlled substance; Standard Condition No. 5 prohibiting him from the purchase,

possession, use, distribution, or administration any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; and Special Condition No. 15 requiring him to participate in a substance abuse evaluation and recommended treatment and submit to drug testing beginning within 15 days of defendant's release. On February 25, April 22, and May 30, 2025, defendant provided urine specimens that tested positive for THC, and he admitted to recently consuming marijuana prior to each positive test. On May 14, 2025, during a substance abuse assessment at ATTIC Correctional Services (ATTIC) in Madison, Wisconsin, defendant divulged that in addition to smoking marijuana daily since his release from custody on February 25, 2025, he was also ingesting Percocet "every now and then." On June 11, 2025, defendant reported for his first substance abuse treatment at ATTIC, and he arrived 20 minutes late. Defendant was provided with the instructions for drug testing at their facility, and he told the counselor that he will not comply with drug testing and does not need substance abuse treatment. Defendant left the session after approximately 19 minutes, stating his ride had arrived and he needed to give out the house key. Defendant did not return to their scheduled session. Consequently, defendant also failed to submit a drug test that same day.

Defendant violated Standard Condition No. 2 requiring him to report to the probation office as directed by the Court or probation officer and requiring him to submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the

3

right to remain silent; and Standard Condition No. 4 requiring him to notify the supervising probation officer within 72 hours of any change in residence, employer, or any change in job classification. On April 16, 2025, defendant reported that he moved into the Park Cedar Apartments in Madison, Wisconsin. On April 22, 2025, a scheduled home contact was conducted at defendant's new reported residence and contact was made with defendant and an elderly adult woman, whom is a resident of this apartment. On June 13, 2025, during a telephone call with defendant, he reported still living at the Park Cedar Apartment. The supervising officer later contacted property management of the complex and was told convicted felons who are actively on supervision cannot reside there. On June 18, 2025, contact was made with the resident whom defendant identified as his aunt at the Park Cedar Apartments. She verified that defendant never lived there and has never slept in the apartment once. She stated defendant has been to her apartment once or twice, including the time the supervising probation officer conducted the scheduled home contact on April 22, 2025. It was unknown where defendant had been living since April 16, 2025. He was not truthfully with the supervising probation officer and did not report his address change accordingly.

Defendant violated Standard Condition No. 3 requiring him to maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court. Since the start of his term of supervised release, defendant has not obtained lawful employment, nor has he provided verification that he has been actively seeking lawful employment. The probation office did not excuse defendant from working regularly at a lawful occupation.

4

At the hearing, defense counsel indicated that defendant had an appropriate residence. The court set a hearing for July 18, 2025, to consider whether the residence is appropriate. The probation office has informed the court that defendant's residence has been approved.

CONCLUSIONS

Pursuant to 18 U.S.C. § 3583(g)(1) and (3), revocation is mandatory upon the Court's finding that defendant possessed a controlled substance, when he used the substances resulting in his positive drug tests as cited above and refused to comply with drug testing on June 11, 2025.

The most serious violation in this case constitutes a Grade C violation. Defendant's criminal history category is VI. With a Grade C violation, defendant has an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment. The statutory maximum term of supervised release that can be re-imposed is 36 months less any term of imprisonment imposed upon revocation, pursuant to 18 U.S.C. § 3583(b).

ORDER

The hearing set for July 18, 2025, is cancelled. The court will hold open the petition for review of defendant's supervised release, Dkt. 64, for 60 days. The probation officer should promptly report any violations to the court. The probation officer will provide a summary of defendant's performance by September 8, 2025.

Defendant is to be released pending the Court's final decision on the petition.

5

Entered July 17, 2025.

BY THE COURT:

_____/s/ James D. Peterson_____
James D. Peterson
U.S. District Judge